SEA 29135 / No Iss.



SEP 18 2009



**09-CV-01325-CMP**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

JOSEPH ANDREW HYLKEMA, a single
man,

                Plaintiff

v.

GC SERVICES LIMITED PARTNERSHIP
of Delaware; TOM DANCE and JANE
DOE DANCE, BELINDA DOE and JOHN
DOE, MIKE DOE, TANISHA DOE,
DEVONNA DOE, KATIE FREEBERG,
ANDRE DOE, SHARON DOE, KIRK
BROWN, SARAH DOE, and JANE DOE
ALTMAN; individually and the
marital communities thereof,

                Defendants

No. **C09 1325** RSM

COMPLAINT

COMES NOW the Plaintiff who, for causes of action set forth

below, hereby sues defendants above-named (collectively referred

to as "Defendant" herein) and for his complaint alleges the

following:

## 1. NATURE OF ACTION

1.1. This is an action for damages for violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 USC § 1692 et seq.

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  the Washington Collection Agency Act ("WCAA"), RCW 19.16 et
2  seq., and the Washington Consumer Protection Act ("WCPA"), RCW
3  19.86.020.    Plaintiff brings this action in the capacity of a
4  private attorney general to impose strict liability upon all
5  defendants and each of them individually for their violations of
6  the FDCPA, the WCAA, and the WCPA.

7                      **2. JURISDICTION AND VENUE**
8  2.1. Jurisdiction arises under 28 USC §§ 1331, 1337(a), and 15
9  USC § 1692k(d).    Concurrent jurisdiction over the WCAA and WCPA
10 claims arises under 28 USC § 1367.    Venue is proper in this
11 Court as Defendant transacts business here and the conduct
12 complained of occurred here.

13                      **3. PARTIES AND BACKGROUND**
14 3.1. Plaintiff is a *sui juris* adult who has been the subject of
15 Defendant's debt collection activities that took place within
16 this District and has been damaged thereby.

17 3.2. Defendant GC SERVICES LIMITED PARTNERSHIP ("GC") is a
18 Delaware limited partnership.    Upon information and belief, GC's
19 calls originated from its offices located at 100 — 3870 N.
20 Oracle Road, Tucson, AZ 85078 and 4454 N. Broadway, Knoxville,
21 TN 37917.

22 3.3. GC is authorized to do business in the state of Washington
23 through its registered agent, CT Corporation System located at
24 206 — 1801 West Bay Drive NW, Olympia, WA 98502.    Its Tucson

COMPLAINT - 2

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  location is licensed as a collection agency by the Washington

2  State Department of Licensing, but its Knoxville one is not.

3  3.4. GC is the assignee of Plaintiff's alleged obligation to pay

4  money to non-party U.S. Department of Education (the "Alleged

5  Debt.")  The Alleged Debt arose out of transactions primarily

6  for personal, family or household purposes.

7  3.5. Defendant GC's principal business purpose is the collection

8  of debts.  Defendant GC regularly attempts to collect debts

9  asserted to be owed or due another using the telephone, mails,

10 and other instrumentalities of interstate commerce and did so

11 attempt to collect the Alleged Debt from Plaintiff.

12 3.6. Defendants Tom DANCE, Belinda DOE, Mike DOE, Tanisha DOE,

13 Devonna DOE, Katie FREEBERG, Andre DOE, Sharon DOE, Kirk BROWN,

14 Sarah DOE, and Jane Doe ALTMAN (the "Employee Defendants") each

15 sued herein in their personal capacities, are *sui juris* adults

16 and at all times relevant herein were employees of defendant GC.

17 3.7. Defendants Jane Doe DANCE and John DOE (the "Community

18 Defendants") (the Employee Defendants and the Community

19 Defendants, collectively, the "Individual Defendants") are the

20 spouses of Defendants Tom DANCE and Belinda DOE, respectively,

21 and are each sued herein in their community capacity.

22 3.8. Upon information and belief, the names used by the Employee

23 Defendants are not their true names but are pseudonyms (in

24 industry parlance, "desk names") used while attempting to

COMPLAINT - 3

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  collect debts. Plaintiff therefore does not definitively know
2  the true identities of the Employee Defendants at this time and
3  they are therefore sued herein by such fictitious names.
4  Plaintiff will ascertain the true identity of the Employee
5  Defendants and will amend this Complaint to reflect the same.
6  3.9. All of the Employee Defendants' conduct complained of
7  herein was done on behalf of, and in furtherance of, the marital
8  community formed by them and their spouses, the Community
9  Defendants.
10 3.10. The Employee Defendants were hired, trained, and
11 supervised using GC's methods, materials, and personnel. All of
12 the Employee Defendants' conduct complained of herein was done
13 with GC's full knowledge, consent, and support; was within the
14 course and scope of their employment with GC; and was done in
15 furtherance of GC's business.

16                    **4. STATEMENT OF FACTS**

17 4.1. Defendant has attempted to collect the Alleged Debt through
18 a seven-month campaign of phone calls and voice mail messages.
19 4.2. Defendant's campaign began in February 2009 and is ongoing.
20 A true and correct record of Defendant's calls is attached
21 hereto as Exhibit "A". True and correct audio copies of the
22 messages left accompany this Complaint on a CD-ROM as Audio
23 Exhibits 1 — 28.

24

COMPLAINT - 4

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1   4.3. On each call, Defendant conveyed information regarding the

2   Alleged Debt to Plaintiff including, but not limited to, its

3   account/reference/"case" number, *infra*.

4   4.4. Of the 28 messages left by Defendant, in none of them did

5   it disclose that the call originated from a debt collector.

6   4.5. In 18 of them, (Audio Exhibits 1 – 6, 9 – 13, 16 – 18, 21,

7   and 26 - 28) Defendant failed to provide any meaningful

8   disclosure of the caller's identity.

9   4.6. Further, from July 9th, 2009 to July 16th, 2009, Defendant

10   called Plaintiff four times (Audio Exhibits 21 – 24).

11   4.7. Additionally, most of the messages were deceptive and false

12   in numerous other ways that would tend to mislead the least

13   sophisticated consumer. More specifically:

14                     FALSE SENSE OF URGENCY

15   4.7.1. Defendant DANCE (Audio Exhibit 1) falsely stated in his

16   message that the call pertained to "documents received here in

17   [his] office" [*sic*], that "[Plaintiff] really [wants] to know

18   what's going on here," even though it "doesn't necessarily mean

19   that things are going to be stopped." Defendant DANCE also

20   falsely referred to the Alleged Debt's account number, 612746,

21   as a "case number."

22   4.7.2. Defendant Mike DOE (Audio Exhibits 4 – 7) repeatedly

23   implored Plaintiff to call him back about "materials" and

24   "information" that he falsely claimed were "time sensitive."

COMPLAINT - 5

1  4.7.3. Defendant Tanisha DOE (Audio Exhibit 9) falsely stated

2  that it was "very important[1]" that Plaintiff call her back

3  "today."

4  4.7.4. Defendant Tanisha DOE (Audio Exhibit 11) also implored

5  Plaintiff to call her back with the false statements that she

6  had "information that is very important" for Plaintiff or his

7  legal counsel to fill out "by the time this week is over with

8  [*sic*] [because she is] definitely running out of time."

9  4.7.5. Defendant Sarah DOE (Audio Exhibit 19) falsely stated, "it

10 is in your best interest to contact me before 5 P.M. Eastern

11 Standard Time today" or the next day.

12 4.7.6. Defendant Sarah DOE (Audio Exhibit 24), falsely claiming

13 to be from the "finalizations department" and that she was

14 calling "for the last time," angrily, and in an abusive tone,

15 said Plaintiff needed to "return [her] calls by 10 P.M. Eastern

16 Standard Time tonight."

17 4.7.7. Putting the lie to Defendant Sarah DOE's statement

18 regarding the "finalizations department," Defendant Jane Doe

19 ALTMAN (Audio Exhibit 25) insisted that it was "very important

20 that [Plaintiff] return[s] the call as soon as [he] get[s] the

21 message" regarding a matter that "literally just came across

22 [her] desk."

23

24

---

[1] All emphases in original.

COMPLAINT - 6

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

4.7.8. Defendant Katie FREEBERG (Audio Exhibit 28) falsely said that it was "<u>very important</u> that [she] speak to [Plaintiff] <u>as soon as possible</u>" and implored Plaintiff to "give [her] a call at [his] <u>earliest possible convenience</u>."

### FALSE FAMILIARITY

4.7.9. Defendants Devonna DOE (Audio Exhibit 10) and Tanisha DOE (Audio Exhibits 9 and 11) left messages that were deceptively friendly and flirtatious in tone and that implied a relationship between them and Plaintiff that most certainly did not, does not, and will never exist.

### FALSE THREATS

4.7.10. Defendants Tom DANCE (Audio Exhibit 1) and Katie FREEBERG (Audio Exhibit 12) falsely used the term "case number" in their messages to refer to Defendant's internal account reference number, implying that the call referenced litigation when in fact it did not, *infra*.

4.7.11. Defendant Katie FREEBERG (Audio Exhibit 12) falsely stated that her call pertained to "litigation against [Plaintiff's] license" in conjunction with the misleading "case number" statement when in fact no such action could legally be taken or was intended to be taken, *infra*.

4.7.12. Defendant Katie FREEBERG (Audio Exhibit 13) falsely stated that she would have to "resolve this matter without [Plaintiff's] input" if Plaintiff did not call back and that

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  "[she] can guarantee [Plaintiff] that [he] will not like the

2  outcome if [she is] forced to do that."

3  4.7.13. Defendant Sarah DOE (Audio Exhibit 20) stated (falsely),

4  "this is going to be moving forward" and that she "want[s] [to

5  at least inform [Plaintiff] of the situation and let [Plaintiff]

6  have somewhat of a say-so in this."

7  4.7.14. Defendant Sarah DOE (Audio Exhibit 24) in an angry,

8  abusive tone, stated that she was with GC's "finalizations

9  department" and that Plaintiff needed to call her back by "10

10 P.M. Eastern Standard Time tonight" lest she call Plaintiff's

11 "employer and [Plaintiff's] payroll department."

12 4.7.15. Defendant Katie FREEBERG (Audio Exhibit 28) falsely said

13 she was going to or already had attempted to call Plaintiff's

14 mother and deceased grandmother in an effort to get Plaintiff to

15 return her call.

16 4.8. The Alleged Debt does not meet the Department of Justice's

17 criteria for student loan litigation referral.

18 4.9. RCW 19.16.260 precludes suit by unlicensed collection

19 agencies like Defendant's Knoxville office.

20 4.10.  Washington state law does not authorize revocation of any

21 licenses for student debt defaults.

22 4.11.  Defendant's conduct herein was persistent, deliberate,

23 and in bad faith.

24

COMPLAINT - 8

1   4.12.   As a direct and proximate result of Defendant's conduct

2   herein, Plaintiff has suffered embarrassment and damages.

3                **5. FIRST CAUSE OF ACTION — VIOLATION OF FDCPA**

4                COUNT ONE — VIOLATION OF 15 U.S.C. § 1692e(10)

5                          [AGAINST ALL DEFENDANTS]

6   5.1. Defendant has attempted to collect the Alleged Debt through

7   repeated   false,   misleading   or   deceptive   representations,

8   including:

9   5.1.1. Failure to identify itself as a debt collector in its

10  phone calls,

11  5.1.2. Placement of telephone calls without meaningful disclosure

12  of the caller's identity, and

13  5.1.3. The false senses of urgency, false familiarity, and false

14  threats, *supra.*

15               COUNT TWO — VIOLATION OF 15 U.S.C. § 1692e(11)

16                         [AGAINST ALL DEFENDANTS]

17  5.2. Defendant has failed to disclose that its phone calls were

18  from a debt collector as required.  *See, inter alia, Foti v. NCO*

19  *Fin. Sys., Inc.,* 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

20               COUNT THREE — VIOLATION OF 15 U.S.C. § 1692d(6)

21                         [AGAINST ALL DEFENDANTS]

22  5.3. Defendant has placed telephone calls to Plaintiff without

23  meaningful disclosure of the caller's identity as required.

24  *See, inter alia, Hosseinzadeh v. M.R.S. Associates, Inc.,* 387

COMPLAINT - 9

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  F.Supp.2d 1104, 1116 (C.D.Cal. 2005).

2      COUNT FOUR — VIOLATION OF 15 U.S.C. § 1692e(2)(A)

3  [AGAINST DEFENDANTS GC, DANCE, FREEBERG, AND SARAH DOE ONLY]

4  5.4. Defendant's false statements, express or implied, that the

5  calls pertained to actual or pending litigation against

6  Plaintiff or his license(s) constituted false statements of the

7  character and/or legal status of the Alleged Debt.

8      COUNT FIVE — VIOLATION OF 15 U.S.C. § 1692e(5)

9  [AGAINST DEFENDANTS GC, DANCE, FREEBERG, AND SARAH DOE ONLY]

10  5.5. Defendant's threats to sue Plaintiff, when in fact such

11  action could not legally be taken or was not intended to be

12  taken, were attempts to collect the Alleged Debt through false

13  or misleading representations and means.

14  5.6. Defendant Sarah DOE's and Katie FREEBERG's threats to

15  contact Plaintiff's relatives, employer, and payroll department

16  were threats to take action that could not legally be taken.

17      6. **SECOND CAUSE OF ACTION — VIOLATION OF WCAA**

18      COUNT ONE — VIOLATION OF RCW 19.16.250(15)

19  [AGAINST DEFENDANTS GC, DANCE, FREEBERG, AND SARAH DOE ONLY]

20  6.1. Defendant's threats to sue Plaintiff could not legally have

21  been carried out at the time the threats were made.

22  6.2. Defendant's threats to contact Plaintiff's relatives,

23  employer, and payroll department were threats that could not

24  legally be carried out at the time the threats were made.

COMPLAINT - 10

1              COUNT TWO — VIOLATION OF RCW 19.16.250(12)(a)

2              [AGAINST DEFENDANTS GC AND SARAH DOE ONLY]

3    6.3. To   the   extent   that   Defendant   has   communicated   with

4    Plaintiff in any form, manner or place more than three times in

5    a single week, each such communication constitutes harassment in

6    violation of the WCAA.

7              **7. THIRD CAUSE OF ACTION — VIOLATION OF WCPA**

8      [AGAINST DEFENDANTS GC, DANCE, FREEBERG, AND SARAH DOE ONLY]

9    7.1. Pursuant to RCW 19.16.440, each violation of the WCAA

10   constitutes a *per se* violation of the WCPA.

11             **8. NO *BONA FIDE* ERROR DEFENSE**

12   8.1. To the extent that any violations of the FDCPA complained

13   of herein were not intentional, Defendant failed to maintain

14   procedures reasonably adapted to avoid such errors.   Further,

15   any such errors were errors of law that are not excused by the

16   *bona fide* error defense.   *See Baker v. GC Services, Inc.*, 677

17   F.2d 775, 779 (9th Cir. 1982).   Thus, the 15 U.S.C. § 1692k(d)

18   *bona fide* error defense does not apply.

19                    **9. PRAYER FOR RELIEF**

20   9.1. WHEREFORE, Plaintiff respectfully prays the Court enter

21   judgment against Defendants, and each of them jointly and

22   severally, as follows:

23   9.1.1. For money damages, including actual damages and the

24   maximum statutory, treble, and exemplary damages permitted under

COMPLAINT - 11

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1    the FDCPA, the WCAA, and the WCPA, and

2    9.1.2. For costs and fees of the suit, including reasonable

3    attorney fees in the event that Plaintiff instructs counsel

4    herein or to enforce any judgment entered herein in this or any

5    foreign jurisdiction, and

6    9.1.3. For an order, pursuant to RCW 19.16.450, barring the

7    collection of interest, service charges, attorney fees,

8    collection costs, delinquency charge, or any other fees or

9    charges otherwise legally chargeable to the Plaintiff on the

10   Alleged Debt, and

11   9.1.4. For such other and further relief and the Court may deem

12   just, proper and equitable.

13   DATED:  September 18th, 2009

14   S/Joseph A. Hylkema
     JOSEPH ANDREW HYLKEMA
15   WSBA:  N/A
     Plaintiff pro se

16

17

18

19

20

21

22

23

24

COMPLAINT - 12

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

# EXHIBIT "A"

# HYLKEMA v. GC SERVICES LP, et al.

| Audio Exhibit | Individual Defendant(s) | Date of Call | Time of Call |
|---|---|---|---|
| 1 | Tom DANCE and Jane Doe DANCE | February 9, 2009 | 7:04 P.M. |
| 2 | Belinda DOE and John Doe DOE | February 18, 2009 | 10:52 A.M. |
| 3 | Mike DOE | March 2, 2009 | 11:28 A.M. |
| 4 | Mike DOE | March 3, 2009 | 2:41 P.M. |
| 5 | Mike DOE | March 9, 2009 | 8:43 A.M. |
| 6 | Mike DOE | March 11, 2009 | 5:20 P.M. |
| 7 | Mike DOE | March 23, 2009 | 10:03 A.M. |
| 8 | GC Services LP Only | April 2, 2009 | 10:28 A.M. |
| 9 | Tanisha DOE | April 7, 2009 | 8:13 A.M. |
| 10 | Devonna DOE | April 15, 2009 | 5:28 P.M. |
| 11 | Tanisha DOE | April 21, 2009 | 8:22 A.M. |
| 12 | Katie FREEBERG | April 22, 2009 | 12:05 P.M. |
| 13 | Katie FREEBERG | April 30, 2009 | 11:58 A.M. |
| 14 | Andre DOE | May 4, 2009 | 10:37 A.M. |
| 15 | Andre DOE | May 11, 2009 | 4:51 P.M. |
| 16 | Sharon DOE | May 27, 2009 | 10:55 A.M. |
| 17 | Kirk BROWN | June 3, 2009 | 3:43 P.M. |
| 18 | Kirk BROWN | June 8, 2009 | 8:28 A.M. |
| 19 | Sarah DOE | June 16, 2009 | 1:18 P.M. |
| 20 | Sarah DOE | June 22, 2009 | 2:25 P.M. |
| 21 | Sharon DOE | July 9, 2009 | 12:51 P.M. |
| 22 | GC Services LP Only | July 13, 2009 | 10:03 A.M. |
| 23 | GC Services LP Only | July 15, 2009 | 11:16 A.M. |
| 24 | Sarah DOE | July 16, 2009 | 3:32 P.M. |
| 25 | Jane Doe ALTMAN | July 24, 2009 | 11:02 A.M. |
| 26 | Katle FREEBERG | August 11, 2009 | 5:30 P.M. |
| 27 | Katie FREEBERG | August 28, 2009 | 1:36 P.M. |
| 28 | Katie FREEBERG | September 10, 2009 | 1:16 P.M. |